IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PARAGO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3-08-CV-0093-G |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF PARAGO, INC.'S EXPEDITED AND UNOPPOSED MOTION TO COMPEL ROAD RUNNER HOLDCO LLC'S RESPONSE TO SUBPOENA

Plaintiff Parago, Inc. ("Parago") files this Expedited and Unopposed Motion to Compel Road Runner HoldCo LLC ("Road Runner") to respond to Parago's Subpoena seeking the disclosure of personal information sufficient to identify Defendant John Doe. In view of the common interests of both Parago and Road Runner in preventing the improper use of Road Runner's services to the detriment of Parago, its customers, and innocent third party recipients of the offensive electronic messages authored and sent by John Doe, Road Runner does not oppose the entry of the proposed Order. In further support, Parago would show the following:

### I.   BACKGROUND

On January 22, 2008, Parago filed suit in this Court against John Doe, an unknown defendant who has accessed Parago's email system without authorization and sent multiple, unauthorized emails to consumers who use Parago's services. Most of these emails contained harassing, threatening, and profane language.

Prior to filing suit, Parago conducted an internal investigation, which revealed that the Internet Protocol ("IP") address of the individual sending the unauthorized emails belonged to

Road Runner. Parago then contacted Road Runner in an attempt to determine who was sending the unauthorized emails (*i.e.*, Defendant John Doe), and it was determined that a Subpoena should issue to Road Runner. Accordingly, upon the filing of the Complaint in this matter, Parago served a Subpoena on Road Runner seeking the disclosure of information sufficient to identify Defendant John Doe. A copy of the Subpoena is attached hereto as Exhibit A.

At all times, Road Runner has cooperated fully with Parago, but nevertheless has concluded that it cannot lawfully comply with Parago's Subpoena absent a Court Order commanding it to do so. That conclusion is based upon the potential applicability of 47 U.S.C. § 551 (the Cable Communications Privacy Act, or "CCPA") to the collection and disclosure of personally identifiable information on the part of Road Runner in this instance. While it is Parago's contention that the CCPA does not apply to Road Runner or the information sought in the Subpoena, *see Klimas v. Comcast Cable Comms, Inc.*, 465 F.3d 271, 276-80 (6th Cir. 2006) (finding failure to state a claim against Internet Service Provider under 47 U.S.C. § 551 because such provider was not a "cable provider"), both Parago and Road Runner agree that the present Motion is necessary to the identification of Defendant John Doe.

## II.   ARGUMENT

### A.   The Information Requested in the Subpoena is Vital to Prevent Future Harm

Road Runner has the ability to readily identify the individual responsible for the harassing, threatening, and profane emails complained of by Parago in its Complaint in this matter. Parago requires the name and address of the individual responsible for the harassing, threatening, and profane emails so that it may seek an injunction from this Court preventing the continuation of this wrongful conduct. The clear purpose of this lawsuit is to prevent future harm to Parago, its clients, and to the consumers who use its services. This harm is being

caused, and will continue to be caused, by the as-yet unidentified individual responsible for the offensive emails. While Parago is unable to identify this individual with specificity, Road Runner has that exclusive ability. Road Runner stands ready to provide the necessary information, but will not do so unless ordered by this Court. The Court should therefore grant this Motion, and order Road Runner to comply with Parago's Subpoena on an expedited basis.

B.   *The Requested Relief Is Necessary*

Parago seeks an Order compelling Road Runner to respond to the Subpoena by providing information sufficient to identify Defendant John Doe. This information is clearly necessary to provide Parago with an opportunity to obtain the relief it seeks against John Doe.

### III.   PRAYER

WHEREFORE, Parago prays that the Court grant its Expedited Motion and order Road Runner to respond to Parago's Subpoena within two (2) business days. Parago further prays for all relief, at law and in equity, to which it may be justly entitled. A proposed Order is submitted herewith.

Respectfully submitted,

/s/ M. Scott Fuller
**Thomas G. Yoxall**
State Bar No. 00785304
**M. Scott Fuller**
State Bar No. 24036607
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
(214) 740-8000 (telephone)
(214) 740-8800 (telecopy)
**ATTORNEYS FOR PLAINTIFF
PARAGO, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that the subject matter of this Motion to Compel Response to Subpoena has been discussed via both electronic mail and telephonically between counsel for Parago and corporate in-house counsel for Time Warner Cable/Road Runner between January 23, 2008 and January 28, 2008. Counsel for Road Runner does not oppose entry of the proposed ORDER; thus, the foregoing Motion is styled as "Unopposed."

/s/ M. Scott Fuller
Counsel for Plaintiff Parago, Inc

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel pursuant to the Federal Rules of Civil Procedure, on the 28th day of January, 2008:

*Vie Federal Express*

Craig Goldberg
Time Warner Cable/Road Runner
290 Harbor Drive
Stamford, CT 06902

*Via Electronic Mail*

Craig Goldberg
c/o Alexis Schweizer
Time Warner Cable/Road Runner
alexis.schweizer@twcable.com

/s/ M. Scott Fuller